CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/ L. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM CLARK, | ) |
| Plaintiff, | ) Civil Action No. 7:09-cv-00309 |
| v. | ) **MEMORANDUM OPINION** |
| VETERANS ADMINISTRATION MEDICAL CENTER, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

William Clark, proceeding pro se, filed this civil action against the Veterans Administration Medical Center. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After conducting an initial screening of this action, however, the court concludes that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3).

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court

"should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Discussion

Plaintiff, William Clark, filed a complaint dated June 5, 2009 against the Veterans Administration Medical Center in Salem, Virginia. It appears that plaintiff seeks to bring a tort claim for injuries arising out of a colonoscopy conducted at the Medical Center. The complaint states as follows:

> Colonoscopy perform 04-15-02 and Endoscopy Equipments in the Colon Rectum Examination was substandard properly sterilized and clean ! Their for [sic] exposing, "Me" William Clark and other Patients to infected body fluids from others and diseases at; Defendant Veterans Administration Medical Center.

Clark then states that the Medical Center should be held responsible for "all Medical claims repair the damage monitor the condition cover all medical cost test for new development and award pain and suffering (I hurt every time (William Clark) Move! $120,000,000.00." The court construes this action, then, as one for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. ("FTCA").

The FTCA requires the filing of an administrative claim with the relevant federal agency and a final disposition of that claim before commencing an action in federal court. 28 U.S.C. § 2675(a). The failure of an agency to make final disposition of a claim within six months after it is filed permits a plaintiff to file suit in federal court. Id. An

2

administrative claim may be presented by a standard form or other written notification of an incident. 28 C.F.R. § 14.2(a). Regardless of whether the standard form or letter is used, however, the claimant meets his burden only if the written notice is sufficient to enable the agency to investigate and places a sum certain value on his or her claim. Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994).

Clark's complaint fails to allege compliance with § 2675(a)'s requirement that he present his claim to an appropriate federal agency. Clark did, however, submit two documents in addition to his complaint. The first is a completed Veterans Affairs Class Action Settlement Claim Form, dated May 29, 2009, for participation in a settlement agreement stemming from the theft of computer equipment containing personal information.[1] The second appears to be a letter sent to the Department of Veterans Affairs, dated March 27, 2009, which provides some information about the colonoscopy and a directive to investigate, but fails to specify where the procedure was administered or to provide a value for the claim. It is doubtful that either of these forms constitutes notice of an administrative claim. Even if they did, however, Clark must wait until his claim has been finally denied by the agency in writing before filing a claim in federal court. If the agency fails to make a final disposition of a claim within six months, then Clark may elect to deem this failure a final denial. Because it does not appear that Clark either filed an administrative claim or, if he did, that such claim has been denied, Clark cannot bring the

---

[1] Clark filled out the section on out-of-pocket expenses, and in providing a brief description for why he believed these expenses were a direct result of the data theft, wrote: "Conplaint [sic] about medical equipment not properly clean! "Cover up" may have (?) cause the theft of computer equipment which was reported to contain personal information of military veteran."

3

present action in federal court.

## Conclusion

For the foregoing reasons, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Such dismissal shall be without prejudice. For the plaintiff's convenience, however, the court attaches a standard form for filing administrative complaints.

The Clerk is directed to send a certified copy of this memorandum opinion, the accompanying order, and the attached Standard Form 95 to the plaintiff.

ENTER: This 23rd day of July, 2009.

_____
United States District Judge

4